UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMETRICK DESHAWN MOSS,

               Petitioner,           CASE NO. 12-14570

v.

                                        PAUL D. BORMAN
JEFF WOODS,                        UNITED STATES DISTRICT JUDGE

               Respondent.
_____/

## OPINION AND ORDER
## DISMISSING THE HABEAS PETITION AS TIME-BARRED,
## DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY,
## BUT GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Petitioner Demetrick Deshawn Moss has filed a *pro se* petition for the writ of habeas corpus and a motion for equitable tolling of the statute of limitations. Petitioner concedes that his habeas petition is time-barred, and the Court has determined that this is not an appropriate case for equitable tolling of the limitations period. Accordingly, the motion for equitable tolling will be denied, and the habeas petition must be dismissed.

### I. Background

In 2009, following a bench trial in Wayne County Circuit Court, Petitioner was found guilty of second-degree murder, Mich. Comp. Laws § 750.317, felon in possession of a firearm, Mich. Comp. Laws § 750.224f, and possession of a firearm during the commission of a felony (felony firearm), Mich. Comp. Laws § 750.227b. The trial court sentenced Petitioner to two years in prison for the felony firearm conviction, followed by

concurrent terms of forty to sixty years in prison for the murder conviction and three to ten years for the felon-in-possession conviction. The Michigan Court of Appeals affirmed Petitioner's convictions in an unpublished, *per curiam* opinion, *see People v. Moss*, No. 293428, 2010 WL 4628697 (Mich. Ct. App. Nov. 16, 2010), and on May 24, 2011, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Moss*, 489 Mich. 932 (2011) (table).

Petitioner did not seek a writ of certiorari in the United States Supreme Court, nor move for relief from judgment in the state trial court. Instead, he filed his habeas corpus petition and motion for equitable tolling in this Court on October 11, 2012.[1] His grounds for habeas relief are: (1) the prosecution did not include all known *res gestae* witnesses on its witness list and did not provide reasonable assistance to Petitioner in locating and producing the witnesses; (2) trial counsel was ineffective for failing to ask the prosecutor to provide reasonable assistance for securing critical *res gestae* witnesses; and (3) there was insufficient evidence to support his murder conviction.

---

[1] Although the Clerk of the Court received and filed the habeas petition on October 15, 2012, Petitioner appears to allege that he placed his petition in the prison mail system on October 11, 2012. *See* Pet. for Writ of Habeas Corpus at unnumbered page 14. "Under the prison mailbox rule, a *habeas* petition is considered filed when the prisoner provides the petition to prison officials for filing." *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 456 (6th Cir.) (citing *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266, 273 (1988)), *cert. denied sub nom Keeling v. Brunsman*, __ U.S. __, 133 S. Ct. 141 (2012). The Court therefore deems the petition filed on October 11, 2012.

In his pending motion, Petitioner acknowledges that the statute of limitations has expired. He has asked the Court to equitably toll the limitations period.

## II. *Sua Sponte* Consideration of the Statute of Limitations

Federal "district courts are permitted, but not obliged, to consider, *sua sponte* the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006); *see also Wood v. Milyard*, __ U.S. __, __, 132 S. Ct. 1826, 1834 (2012) (holding that district courts "have the authority – though not the obligation – to raise a forfeited timeliness defense on their own initiative"). Of course, a district court ordinarily "must accord the parties fair notice and an opportunity to present their positions" before acting on its own initiative to dismiss a habeas petition on the basis of the statute of limitations. *Day v. McDonough*, 547 U.S. at 210.

Petitioner himself raised the issue of the statute of limitations and requested equitable tolling of the limitations period. Because he had notice of the statute of limitations and has had an opportunity to argue the issue, the Court may address the statute of limitations without first serving the habeas petition on the State and waiting for the State to raise the issue as an affirmative defense. *See Wogoman v. Abramajtys*, 243 F. App'x 885, 890 n.4 (6th Cir. 2007) (rejecting the petitioner's argument concerning the magistrate judge's *sua sponte* consideration of the statute of limitations where the petitioner "clearly had notice and an opportunity to argue the issue to the district court"); *Reichert v. United States*, 101 F. App'x 13, 14 (6th Cir. 2004) (citing *Scott v. Collins*, 286

3

F.3d 923, 929-30 (6th Cir. 2002), for the principle that a district court can *sua sponte* dismiss a habeas petition on the basis of the statute of limitations, provided that the petitioner is given notice and an opportunity to be heard prior to the dismissal). The Court therefore will proceed to show why Petitioner's claims are time-barred and why the statute of limitations should not be equitably tolled.

### III. Discussion

#### A. The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year period of limitation for state prisoners to file a federal habeas corpus petition. *Wall v. Kholi,* __ U.S. __, __, 131 S. Ct. 1278, 1283 (2011) (citing 28 U.S.C. § 2244(d)(1)). The period of limitation runs from the latest of four specified dates. *Id.* These dates are:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

4

28 U.S.C. § 2244(d)(1)(A)-(D). The limitations period is tolled "during the pendency of a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim.'" *Wall v. Kholi*, 131 S. Ct. at 1283 (quoting 28 U.S.C. § 2244(d)(2)).

## B. Application

Petitioner is not relying on a new and retroactive constitutional right or on newly discovered facts, and he is not suggesting that the State created an impediment to filing a timely habeas petition. *Cf.* 28 U.S.C. §§ 2244(d)(1)(B-D). Consequently, the statute of limitations began to run when Petitioner's convictions "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "Direct review," for purposes of subsection 2244(d)(1)(A), concludes when the availability of direct appeal to the state courts and to the United States Supreme Court has been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).

A petition for writ of certiorari to review a judgment entered by a state's highest court must be filed in the United States Supreme Court within ninety days after entry of the judgment. Sup. Ct. R. 13.1. For prisoners, like Petitioner, who did not pursue direct review to the United States Supreme Court, "the judgment becomes final at the 'expiration of the time for seeking such review' – when the time for pursuing direct review in [the Supreme] Court, or in state court, expires." *Gonzalez v. Thaler*, __ U.S. __, __, 132 S. Ct. 641, 653-54 (2012).

Petitioner's convictions became final on August 22, 2011, ninety days after the Michigan Supreme Court denied leave to appeal and the date on which the deadline expired for seeking a writ of certiorari in the United States Supreme Court. The one-year period of limitation began to run on the following day, and it expired one year later on August 22, 2012. Petitioner did not sign and date his habeas petition until October 11, 2012.

Although Petitioner alleges that he filed a motion for an evidentiary hearing in the state trial court in the latter part of 2011, the proper collateral remedy for challenging a state conviction in Michigan is to file a motion for relief from judgment under Subchapter 6.500 of the Michigan Court Rules. *See* Mich. Ct. R. 6.501 and the 1989 Staff Comment.[2] A motion for an evidentiary hearing is not a "direct request[] for judicial review of a judgment and [does] not provide a state court with authority to order relief from a judgment." *Wall v. Kholi*, 131 S. Ct. at 1286 n.4. Consequently, Petitioner's motion for an evidentiary hearing did not constitute an "application for State post-conviction or other collateral review with respect to the pertinent judgment or claim"

---

[2] Rule 6.501 provides that a judgment of conviction and sentence that is not subject to appellate review may be reviewed only in accordance with the provisions of Subchapter 6.500. The 1989 staff comment following Rule 6.501 states that "Subchapter 6.500 establishes a procedure for postappeal proceedings challenging criminal convictions. It provides the exclusive means to challenge convictions in Michigan courts for a defendant who has had an appeal by right or by leave, who has unsuccessfully sought leave to appeal, or who is unable to file an application for leave to appeal to the Court of Appeals" because the deadline has elapsed for filing a delayed application for leave to appeal.

under 28 U.S.C. § 2244(d)(2) and did not toll the limitations period.

To conclude, the limitations period ran for more than one year, and Petitioner is not entitled to statutory tolling of the limitations period under § 2244(d)(2). Thus, the habeas petition is untimely, absent equitable tolling.

## C. Equitable Tolling

The statute of limitations in habeas cases is not jurisdictional, but "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, __ U.S. __, __, 130 S. Ct. 2549, 2560 (2010). Nevertheless, the Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749-50 (6th Cir. 2011) (adopting *Holland's* two-part test for determining whether a habeas petitioner is entitled to equitable tolling), *cert. denied sub nom Hall v. Brunsman*, __ U. S. __, 133 S. Ct. 187 (2012).

Petitioner urges the Court to equitably toll the limitations period on grounds that he has limited learning skills, did not complete high school, is functionally illiterate in the law and legal procedures, and is dependent on other inmates, who have provided inconsistent or inaccurate advice and assistance. Petitioner's "'ignorance of the law alone is not sufficient to warrant equitable tolling.'" *Ata v. Scutt*, 662 F.3d 736, 743 n. 7 (6th Cir. 2011) (quoting *Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005) (quoting *Rose v. Dole*,

945 F.2d 1331, 1335 (6th Cir. 1991)). In fact "an inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations." *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). A petitioner's lack of representation during the applicable filing period also does not merit equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (internal and end citation omitted). And the fact that prison paralegals may have provided Petitioner with incorrect legal advice regarding the statute of limitations does not rise to the level of an extraordinary circumstance justifying equitable tolling. *Alexander v. Schriro*, 312 F. App'x 972, 975 (9th Cir. 2009). The Court concludes that Petitioner is not entitled to equitable tolling on the basis of his alleged ignorance of the law and legal procedures, his lack of education, his functional illiteracy, or his reliance on the advice of prison paralegals.

## D. Actual Innocence

The remaining issue is whether the statute of limitations should be tolled on the basis of a claim of actual innocence. "[C]onstitutional concerns counsel in favor of upholding equitable tolling based on a credible claim of actual innocence." *Souter v. Jones*, 395 F.3d 577, 601 (6th Cir. 2005). But to be credible, a petitioner must support a claim of innocence "with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *see also Souter v. Jones*, 395 F.3d at 600 (explaining that the actual-innocence exception for time-barred claims is

limited to the rare and extraordinary case where a habeas petitioner presents a credible claim of actual innocence through the submission of new evidence which undermines the reviewing court's confidence in the outcome of the trial). The petitioner must "persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. at 329.

Petitioner has not supported his habeas petition with any new evidence, and the facts, as alleged by the state court do not support a claim of innocence. Petitioner's convictions arose from the fatal shooting of Cardell Lewis. The primary evidence against Petitioner came from the testimony of Rodney Maudlin, who

> testified that defendant confronted him and the victim and accused them of invading defendant's drug territory while brandishing a 40-cailiber (sic) Glock semiautomatic pistol. According to Maudlin, defendant hit him in the head with the pistol, after which Maudlin and the victim ran in different directions. Seconds after fleeing, Maudlin heard four continuous gunshots. He then saw defendant emerge from the direction of where the victim had fled and flee into his brother's vehicle. The victim died from a single gunshot wound that entered the back of his right thigh and perforated his femoral artery. A blood trail led from the front of 1849 Edsel [Street] to the area where the victim died. Two .40-caliber spent shell casings were recovered from the curb in front of 1849 Edsel and a third casing was located in the driveway. After the shooting, defendant left the state and evaded law enforcement for more than four months.

*People v. Moss*, 2010 WL 4628697, at *3.

Petitioner claimed that he fired his weapon in self defense as Maudlin and the victim chased him and Maudlin shot at him. The Court of Appeals, however, concluded that "the evidence was sufficient to enable a rational trier of fact to reject defendant's

9

claim of self-defense beyond a reasonable doubt and, instead, find that defendant ran after the unarmed victim and shot the victim in the back of the leg while the victim was fleeing." *Id.* at *4. The Court of Appeals declined to interfere with the trial court's assessment of the credibility of witnesses and the court's finding that Petitioner's claim of self defense was not credible.

This is not one of the rare and extraordinary cases where a habeas petitioner has presented a credible claim of actual innocence through the submission of new evidence that undermines the Court's confidence in the outcome of the trial. Thus, to the extent Petitioner is asserting a claim of actual innocence, the Court declines to equitably toll the limitations period on that basis.

## IV. Conclusion

Petitioner filed his habeas petition more than one year after his convictions became final, and he is not entitled to either statutory or equitable tolling of the limitations period. Accordingly, the motion for equitable tolling [dkt. #3] is denied, and the petition for writ of habeas corpus [dkt. #1] is dismissed with prejudice.

## V. Certificate of Appealability

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability.]" *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A habeas petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 1983)).

When, as here, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Reasonable jurists would not find the Court's procedural ruling debatable, nor conclude that the petition states a valid claim of the denial of a constitutional right. The Court therefore declines to issue a certificate of appealability.

## VI. The Appellate Filing Fee

Petitioner was granted leave to proceed *in forma pauperis* in this Court. He may proceed *in forma pauperis* on appeal without further authorization unless the Court certifies that the appeal is not taken in good faith or that Petitioner is not otherwise entitled

to proceed *in forma pauperis.* Fed. R. App. P. 24(a)(3)(A).

Although the Court declined to issue a certificate of appealability, "[t]he standard for issuance of a [certificate of appealability], 'substantial showing of the denial of a constitutional right,' has a higher threshold than the [*in forma pauperis*] standard," which merely requires showing that the appeal is not frivolous. *United States v. Youngblood*, 116 F.3d 1113, 1115 (5th Cir. 1997). The issues in this case are not frivolous. Therefore, an appeal could be taken in good faith, and Petitioner may proceed *in forma pauperis* on appeal if he decides to appeal this opinion and order.

/s/ Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: 11-28-12