UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMETRICK DESHAWN MOSS,

                Petitioner,           CASE NO. 12-14570

v.

                                     PAUL D. BORMAN
JEFF WOODS,                        UNITED STATES DISTRICT JUDGE

                Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION OR TO ALTER THE JUDGMENT

### I. Introduction

On October 15, 2012, petitioner Demetrick Deshawn Moss filed a *pro se* petition for the writ of habeas corpus and a motion for equitable tolling of the habeas statute of limitations. The habeas petition challenged Petitioner's 2009 Wayne County convictions for second-degree murder and two firearm offenses. Petitioner alleged that: (1) the prosecutor did not produce all known *res gestae* witnesses and did not provide reasonable assistance in locating and producing the witnesses; (2) trial counsel was ineffective for failing to object to the prosecutor's failure to provide reasonable assistance for securing the witnesses; and (3) there was insufficient evidence to support his murder conviction.

Petitioner conceded that he did not comply with the one-year statute of

limitations,[1] and the Court determined that Petitioner was not entitled to statutory or equitable tolling of the statute of limitations. Accordingly, on November 28, 2012, the Court summarily dismissed the petition.

Currently pending before the Court is Petitioner's motion for reconsideration of the Court's dispositive opinion or to alter the Court's judgment. Petitioner brings his motion under Federal Rule of Civil Procedure 59(e). "A district court may alter or amend a judgment under Civil Rule 59(e) to correct a clear error of law; account for newly discovered evidence or an intervening change in the controlling law; or otherwise prevent manifest injustice." *Heil Co. v. Evanston Ins. Co.*, 690 F.3d 722, 728 (6th Cir. 2012) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). Petitioner alleges that the Court made an error of law when it concluded in its dispositive opinion that his post-conviction motion for an evidentiary hearing, which he filed in the state trial court on December 31, 2011, did not toll the limitations period.

## II. Discussion

Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of

---

[1] A one-year period of limitation applies to habeas corpus petitions filed by state prisoners, and the limitations period generally runs from the date on which the judgment became final. 28 U.S.C. § 2244(d)(1)(A). Petitioner's convictions became final on August 22, 2011. He signed and dated his habeas corpus petition more than a year later on October 11, 2012.

2

limitation under this subsection." In the Court's dispositive opinion, the Court took note of Petitioner's motion for an evidentiary hearing, but stated that the proper collateral remedy for challenging a state conviction in Michigan is to file a motion for relief from judgment under Subchapter 6.500 of the Michigan Court Rules. The Court went on to say that, because a motion for an evidentiary hearing is not a direct request for judicial review of a judgment and does not authorize a state court to order relief from judgment, Petitioner's motion did not serve to toll the limitations period under § 2244(d)(2).

Petitioner asserts that a motion for relief from judgment under the Michigan Court Rules is not the only post-conviction motion available to convicted defendants in Michigan. He claims that a motion for new trial under Mich. Comp. Laws § 770.1 is another option.

While it is true that state trial courts may grant a new trial under Mich. Comp. Laws § 770.1,[2] Petitioner admits that he filed a motion for an evidentiary hearing in state court, not a motion for new trial. And even though he apparently alluded to § 770.1 in his motion for an evidentiary hearing, it does not appear that the state trial court treated his motion as a motion for collateral review. The state trial court's docket does not list the

---

[2] Section 770.1 reads:

> The judge of a court in which the trial of an offense is held may grant a new trial to the defendant, for any cause for which by law a new trial may be granted, or when it appears to the court that justice has not been done, and on the terms or conditions as the court directs.

3

motion, but it does include an entry for the trial court's order denying the motion, and the entry reads: "Defendant's motion for an evidentiary hearing and to amend are DENIED."

Furthermore, Petitioner did not file his motion for an evidentiary hearing until after he appealed by right to the Michigan Court of Appeals. Because he was no longer entitled to appeal by right or by leave when he filed his motion, his post-conviction remedy was to file a motion for relief from judgment under Subchapter 6.500 of the Michigan Court Rules. *See* Mich. Ct. R. 6.431(A)(d) ("If the defendant is no longer entitled to appeal by right or by leave, the defendant may seek relief pursuant to the procedure set forth in subchapter 6.500."). A motion for new trial would have been untimely. *See* Mich. Comp. Laws § 770.2(1) (explaining that a motion for a new trial generally must be made within sixty days after entry of the judgment)[3]; *see also* Mich. Ct. R. 6.431(A)(1) ("A motion for a new trial may be filed before the filing of a timely claim of appeal.").

Petitioner, moreover, acknowledged in his motion for equitable tolling that his state court motion for an evidentiary hearing did not toll the statute of limitations. He stated that he was informed by his legal writer that "his motion for an evidentiary hearing, which was submitted after his appeal had been decided, and after his leave for appeal in the Supreme Court was denied, did not toll or stop the clock extending his deadline for

---

[3] If this deadline has expired, a trial court "may grant a motion for a new trial for good cause shown." Mich. Comp. Laws § 770.2(4).

filing his writ of habeas corpus." Mem. of Law in Support of Mot. for Equitable Tolling, Doc. #3, at 8. He went on to explain that he "was misinformed by his jail house lawyer, and also by his previous legal writer that his motion for an evidentiary hearing, unlike a motion under Mich. Ct. Rules 6.500[,] would toll or stop the clock." *Id.* at 9. It is clear from these comments that Petitioner knew before he filed his habeas petition that his state court motion for an evidentiary hearing did not toll the statute of limitations. He chose to seek equitable tolling of the limitations period on the basis of his limited skills, lack of education, and reliance on unprofessional legal assistants. He may not use Rule 59(e) "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citing 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127–128 (2d ed.1995)).

### III. Conclusion

The Court did not make a clear error of law when it determined in its dispositive opinion that Petitioner's state post-conviction remedy was a motion for relief from judgment under the Michigan Court Rules and that Petitioner's state court motion for an evidentiary hearing did not toll the statute of limitations. The Court also concludes that it is not necessary to alter or amend the judgment to prevent a manifest injustice. Accordingly, the motion for reconsideration or to alter or amend the judgment [Doc. #8, filed Dec. 17, 2012] is **DENIED**.

.

/s/ Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: 1-25-13