UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMETRICK MOSS,

      Petitioner,

                                        CASE NO. 12-14570

v.

                                        PAUL D. BORMAN

JEFF WOODS,                          UNITED STATES DISTRICT JUDGE

      Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTIONS FOR
AN EVIDENTIARY HEARING** (ECF Nos. 25 and 29),
**DENYING AS MOOT PETITIONER'S MOTION
TO AMEND HIS REPLY** (ECF No. 26), **AND DENYING
HIS MOTION TO APPOINT COUNSEL** (ECF No. 27),

On October 15, 2012, petitioner Demetrick Moss filed a *pro se* habeas corpus petition challenging his 2009 state convictions for second-degree murder, Mich. Comp. Laws § 750.317, felon in possession of a firearm, Mich. Comp. Laws § 750.224f, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b.  The convictions arose

> from the shooting death of Cardell Lewis during a drug territory dispute. The principal evidence implicating defendant was the testimony of Rodney Maudlin, who testified that he was with the victim when the two of them were approached by defendant and defendant's brother, Derek Moss. Defendant was carrying a pistol, accused Maudlin and the victim of stealing his narcotic sales, and struck Maudlin in the head with the gun.  As Maudlin and the victim fled in different directions, Maudlin heard four gunshots and then saw defendant jump into Derek's Jeep and flee the area.  The victim was thereafter found in a nearby alley.  He died from a single gunshot

> wound. Defendant did not dispute firing his weapon during the episode, but claimed that he did so only toward the ground in self-defense, because Maudlin and the victim were chasing him and Maudlin was shooting at him.

*People v. Moss*, No. 293428, 2010 WL 4628697, *1 (Mich. Ct. App. Nov. 16, 2010).

Following Petitioner's convictions in Wayne County Circuit Court, the trial court sentenced him to concurrent terms of forty to sixty years in prison for the murder conviction and three to ten years for the felon-in-possession conviction. Petitioner received a consecutive sentence of two years in prison for the felony-firearm conviction. The Michigan Court of Appeals affirmed his convictions, *see id.*, and the Michigan Supreme Court denied leave to appeal. *See People v. Moss*, 489 Mich. 932 (2011).

Petitioner subsequently filed a motion to amend and a motion for an evidentiary hearing in the state trial court. The trial court denied his motions, and the State's appellate courts denied leave to appeal.

On October 15, 2012, Petitioner filed his habeas corpus petition in this Court. He argued that: (1) the prosecuting attorney failed to include known *res gestae* witnesses on her witness list and did not assist Petitioner in producing the witnesses at trial; (2) trial counsel was ineffective for failing to request the prosecutor's assistance in securing the *res gestae* witnesses; and (3) there was insufficient evidence to support his conviction for second-degree murder.

On November 28, 2012, this Court summarily dismissed the habeas petition as untimely. Petitioner appealed the Court's decision, and on January 14, 2014, the Court of Appeals for the Sixth Circuit vacated this Court's judgment, concluded that Petitioner

Moss's § 2254 petition was timely, and remanded the case for further proceedings. *See Moss v. Woods*, No. 13-1038 (6th Cir. Jan. 14, 2014).

Petitioner subsequently filed an amended habeas corpus petition in which he raised the same three claims that he presented to the Court in his initial habeas petition and the following three additional issues: (4) he was entitled to a new trial on newly discovered evidence that someone else accidentally shot the victim; (5) his trial and appellate attorneys were ineffective for failing to investigate evidence that several potential witnesses were present at the crime scene; and (6) he is entitled to a new trial on the basis that an eyewitness saw Rodney Maudlin pull a gun on Petitioner and accidentally shoot the victim.

Respondent Jeffrey Woods argues in an answer to the habeas petition that Petitioner is not entitled to relief because one of his claims is procedurally defaulted and none of his claims have merit. Currently pending before the Court are Petitioner's motions for an evidentiary hearing, motion to amend his reply to Respondent's answer to the habeas petition, and his motion for appointment of counsel.

### I. The Motions for an Evidentiary Hearing

Petitioner alleges that an evidentiary hearing is necessary for a full and fair adjudication of his claims and to show that the deceased victim had a firearm in his hand. Petitioner contends that this point was not raised at trial even though it would have supported his defense that he acted in self defense.

Both the state trial court and the Michigan Court of Appeals rejected Petitioner's claim of self defense. Following Petitioner's bench trial, the trial court stated that it did not find Petitioner's version of the events and claim of self defense to be credible. On direct appeal, the Michigan Court of Appeals stated that

> the evidence was sufficient to enable a rational trier of fact to reject defendant's claim of self-defense beyond a reasonable doubt and, instead, find that defendant ran after the unarmed victim and shot the victim in the back of the leg while the victim was fleeing.

*Moss*, 2010 WL 4628697, at *4.

A federal habeas court's "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011). And because the state courts adjudicated and rejected Petitioner's self defense claim on the merits, this Court is limited to the record that was before the state courts. The Court therefore denies Petitioner's motions for an evidentiary hearing (ECF Nos. 25 and 29), which he desires to demonstrate that he acted in self defense.

## II.  The Motion to Amend

In his pending motion to amend his reply, Petitioner alleges that he previously filed a seven-page reply that did not adequately address Respondent's answer to the petition. He now wishes to extend his reply from seven to twelve pages.

The seven-page document that Petitioner refers to as his initial reply to Respondent's answer is actually a motion to extend the time to file a reply. *See* Pet'r

4

Mot. for Enlargement of Time, ECF No. 22.  The Court granted that motion on November 6, 2014, *see* Order, ECF No. 23, and, on November 12, 2014, Petitioner filed a substantive reply to Respondent's answer to the habeas petition.  *See* Resp. to Attorney General's Answer in Opp'n to Pet'r Writ of Habeas Corpus, ECF No. 24.  Because Petitioner has already filed his amended reply to Respondent's answer, his motion to amend his prior reply (ECF No. 26) is denied as moot.

### III.  The Motion for Appointment of Counsel

Petitioner seeks appointment of counsel to assist him in establishing that he is actually innocent of the murder for which he was convicted and sentenced.  Petitioner claims that he is illiterate and indigent and that appointment of counsel will serve the interest of justice.

As Petitioner recognizes, he has no right to assistance of counsel in a habeas corpus proceeding, *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (citing *McCleskey v. Zant*, 499 U.S. 467, 495 (1991)).  "[A]ppointment of counsel in a civil proceeding is not a constitutional right and is justified only in exceptional circumstances. To determine whether these exceptional circumstances exist, courts typically consider 'the type of case and the ability of the plaintiff to represent himself.' " *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003) (quoting *Archie v. Christian*, 812 F.2d 250, 253 (5th Cir. 1987)) (internal citation omitted).  Petitioner has ably represented himself thus far, and his case is not complex.  Further, the interests of justice do not require appointment of counsel.  18 U.S.C. § 3006A(a)(2)(B).  The Court therefore denies Petitioner's motion to

appoint counsel (ECF No. 27).

                                            s/Paul D. Borman  
                                            PAUL D. BORMAN  
                                            UNITED STATES DISTRICT JUDGE

Dated:  May 14, 2015

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 14, 2015.

                                            s/Deborah Tofil  
                                            Case Manager