UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMETRICK MOSS,

    Petitioner,

CASE NO. 12-14570

v.

PAUL D. BORMAN
JEFF WOODS,          UNITED STATES DISTRICT JUDGE

    Respondent.
_____/

**OPINION AND ORDER**
**DENYING PETITIONER'S MOTION** (ECF No. 32)
**TO AMEND HIS HABEAS CORPUS PETITION**

This matter has come before the Court on habeas petitioner Demetrick Moss's motion to amend his habeas corpus petition to include new claims that he has not presented to the state courts. For the reasons that follow, the Court will deny the motion.

## I. Background

Petitioner was convicted in 2009 of second-degree murder, Mich. Comp. Laws § 750.317, felon in possession of a firearm, Mich. Comp. Laws § 750.224f, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. The trial court sentenced Petitioner to two years in prison for the felony-firearm conviction, followed by concurrent terms of forty to sixty years in prison for the murder conviction and three to ten years in prison for the felon-in-possession conviction. The Michigan Court of Appeals affirmed Petitioner's convictions on direct appeal, and the Michigan

Supreme Court denied leave to appeal. *See People v. Moss*, 489 Mich. 932 (2011) (table).

Petitioner subsequently filed a motion for an evidentiary hearing in which he claimed to have new evidence of his innocence. The new evidence was an affidavit from an alleged eyewitness who stated that the key witness against Petitioner accidentally shot the murder victim. The trial court rejected Petitioner's claim and denied his motion. The Michigan Court of Appeals denied Petitioner's appeal from the trial court's decision, and on December 23, 2013, the Michigan Supreme Court also denied leave to appeal. *See People v. Moss*, 495 Mich. 917 (2013) (table).

Meanwhile, in 2012, Petitioner filed his habeas corpus petition under 28 U.S.C. § 2254. He claimed that: (1) the prosecuting attorney failed to include known *res gestae* witnesses on her witness list and did not assist Petitioner in producing the witnesses at trial; (2) trial counsel was ineffective for failing to request the prosecutor's assistance in securing the *res gestae* witnesses; and (3) there was insufficient evidence to support his conviction for second-degree murder. The Court summarily dismissed the habeas petition as untimely, but the Court of Appeals for the Sixth Circuit vacated this Court's judgment and remanded the case for further proceedings. *See Moss v. Woods*, No. 13-1038 (6th Cir. Jan. 14, 2014).

Petitioner subsequently moved to amend his habeas corpus petition, and, in an amended petition filed in 2014, he raised the same three claims that he presented to the Court in his initial habeas petition, along with the following three additional claims: (4)

2

he is entitled to a new trial on newly discovered evidence that someone else accidentally shot the victim; (5) his trial and appellate attorneys were ineffective for failing to investigate potential witnesses; and (6) he is entitled to a new trial on the basis that an eyewitness saw someone else accidentally shoot the victim. The Court granted Petitioner's motion to amend. Respondent then filed an answer to the amended petition. He argues that Petitioner procedurally defaulted his first claim and that none of his claims have merit. As noted above, this matter currently is pending before the Court on Petitioner's motion to amend his habeas petition to include additional issues that he has not raised in state court.

## II. Analysis

The doctrine of exhaustion of state remedies requires state prisoners to present all their claims to the state courts before raising their claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Nali v. Phillips*, 681 F.3d 837, 851 (6th Cir. 2012). This requirement is satisfied if a prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court, "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan v. Boerckel*, 526 U.S. at 845, 847. To be properly exhausted, each claim must have been fairly presented to the state court of appeals and to the state supreme court. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009).

Petitioner has not listed the claims that he wants to add to his habeas petition, but he concedes that he has not exhausted state remedies for the claims. He maintains, however, that he does not have an available remedy to exhaust because: his only state remedy is a motion for relief from judgment; he has already filed one post-conviction motion, which the state court construed as a challenge to his conviction; and he is barred by Michigan Court Rule 6.502(G) from filing a second or successive challenge to his conviction.

The Sixth Circuit Court of Appeals explained in *Seymour v. Walker*, 224 F.3d 542 (6th Cir. 2000), that,

> [w]hen a habeas petitioner fails to obtain consideration of a claim by a state court, either due to the petitioner's failure to raise that claim before the state courts while state-court remedies are still available or due to a state procedural rule that prevents the state courts from reaching the merits of the petitioner's claim, that claim is procedurally defaulted and may not be considered by the federal court on habeas review. *See Wainwright v. Sykes*, 433 U.S. 72, 80, 84–87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Picard v. Connor*, 404 U.S. 270, 275–78, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). A petitioner may avoid this procedural default only by showing that there was cause for the default and prejudice resulting from the default, or that a miscarriage of justice will result from enforcing the procedural default in the petitioner's case. *See Sykes*, 433 U.S. at 87, 90–91, 97 S.Ct. 2497.

*Id*. at 549-50.

Petitioner argues that it would be a miscarriage of justice not to permit him to amend his habeas petition with new and unexhausted claims because the state court misconstrued his post-conviction motion for an evidentiary hearing as a challenge to his conviction. Petitioner contends that the state court thereby precluded him from raising

4

his new claims in state court now because Michigan Court Rule 6.502(G) generally limits prisoners to filing one motion for relief from judgment.

The miscarriage-of-justice exception to the procedural default rule applies only in "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 495–96 (1986); *see also Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) (stating that the "cause and prejudice" requirement for procedural defaults may be overlooked and habeas relief granted "[i]f a petitioner presents an extraordinary case whereby a constitutional violation resulted in the conviction of one who is actually innocent"). Here, a key prosecution witness named Rodney Maudlin testified at Petitioner's trial

> that he was with the victim when the two of them were approached by defendant and defendant's brother, Derek Moss. Defendant was carrying a pistol, accused Maudlin and the victim of stealing his narcotic sales, and struck Maudlin in the head with the gun. As Maudlin and the victim fled in different directions, Maudlin heard four gunshots and then saw defendant jump into Derek's Jeep and flee the area.

*People v. Moss*, No. 293428, 2010 WL 4628697, at *1 (Mich. Ct. App. Nov. 16, 2010).

There was additional evidence at trial that

> [t]he victim was thereafter found in a nearby alley. He died from a single gunshot wound. Defendant did not dispute firing his weapon during the episode, but claimed that he did so . . . in self-defense, because Maudlin and the victim were chasing him and Maudlin was shooting at him.
>     . . . .
>
> After the shooting, defendant left the state and evaded law enforcement for more than four months.

*Id.*, 2010 WL 4628697, at *1 and *3. These facts are entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1), and they tend to belie Petitioner's claim of innocence.

Although Petitioner currently asserts that Rodney Maudlin accidentally shot the victim, the state trial court rejected this theory when Petitioner raised it in state court. The trial court stated that the new evidence "would not make a different result probable on retrial given the other evidence against defendant, namely the testimony of Maudlin, which the Court found credible." *People v. Moss*, No. 09-003073-01-FC (Wayne County Cir. Ct. Sept. 12, 2012).

As a reviewing court, this Court defers to the state court's credibility determination, *see Peveler v. United States,* 269 F.3d 693, 702 (6th Cir. 2001), and concludes that Petitioner has not asserted a credible claim of actual innocence. Consequently, Petitioner has failed to satisfy the miscarriage-of-justice exception to the procedural default rule, and his motion to amend the habeas petition to include new and unexhausted claims (ECF No. 32) is denied. The Court will consider Petitioner's current claims in a future memorandum opinion and order.

                                          s/Paul D. Borman
                                          PAUL D. BORMAN
                                          UNITED STATES DISTRICT JUDGE

Dated: December 21, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 21, 2015.

                                                s/Deborah Tofil
                                                Deborah Tofil
                                                Case Manager (313)234-5122